IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-128-D-1
No. 5:13-CV-44-D

| | |
|---|---|
| BILLY JOE SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 18, 2013, Billy Joe Scott ("Scott") filed a motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 31]. On March 1, 2013, the government moved to dismiss the motion [D.E. 35]. On March 1, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Scott about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 37]. On March 27, 2013, Scott responded in opposition [D.E. 38]. As explained below, the court grants the government's motion to dismiss.

On May 4, 2011, a federal grand jury in the Eastern District of North Carolina indicted Scott and charged him with (1) possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (count 1); (2) robbery of a business in interstate commerce, in violation of 18 U.S.C. § 1951 (counts 2, 3, 4, and 5); and (3) using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (counts 6, 7, 8, and 9) [D.E. 1]. On September 1, 2011, pursuant to a plea agreement [D.E. 19], Scott pleaded guilty to counts six and seven, using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) [D.E. 18–19].

On January 11, 2012, the court held a sentencing hearing and calculated Scott's advisory guideline range to be 384 months based on the statutory minimum sentences. See [D.E. 39] 6. The court sentenced Scott to 384 months' imprisonment [D.E. 27–28]. Scott did not appeal his conviction or sentence.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–78. In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Scott raises one claim in his section 2255 motion. Scott contends that he received ineffective assistance of counsel in violation of the Sixth Amendment because his counsel "erroneously advised [him] to take a plea offer that waived all of [his] appeal rights." [D.E. 31] 4. The government asks the court to enforce the appellate waiver in Scott's plea agreement and dismiss his section 2255 motion. See [D.E. 36] 6. In his plea agreement, Scott agreed:

> [t]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory

2

Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[D.E. 19] ¶ 2(c).

Before considering the effect of Scott's appellate waiver, the court first ensures that the waiver was valid. To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). Here, the record of Scott's Rule 11 colloquy reflects that Scott had discussed the entire agreement with his attorney, that Scott understood each term in the agreement, and that he knowingly and intelligently entered into the agreement. See [D.E. 40] 15–30. The court specifically read aloud the entire appellate waiver and confirmed that Scott understood the appellate and other rights he was waiving. Id. 22–25. The court may rely on Scott's sworn statements made during the Rule 11 colloquy to conclude that Scott made the waiver knowingly and voluntarily. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, Scott's waiver was valid.

As for the scope of the waiver, Scott waived his right "to appeal whatever sentence is imposed." [D.E. 19] ¶ 2(c). Scott also expressly waived his right "to contest the conviction or sentence in any post-conviction proceeding." Id. Scott only reserved his "right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing" and

3

"upon grounds of ineffective assistance of counsel ... not known to the Defendant at the time of the Defendant's guilty plea." Id. The appellate waiver applied to direct appeals of his sentence and to post-conviction proceedings pursuant to section 2255. Id.; see Lemaster, 403 F.3d at 220.

To the extent Scott argues that he did not knowingly or voluntarily waive his appellate rights, Scott's plea agreement and Rule 11 colloquy bar this claim. See [D.E. 19] ¶ 2; [D.E. 40] 15–30; see also Tollett v. Henderson, 411 U.S. 258, 267 (1973); Lemaster, 403 F.3d at 221–22. To the extent Scott seeks to challenge the "sufficiency of the evidence" in his case, [D.E. 31] 4, Scott asserts a claim of actual innocence. Again, Scott's plea agreement and Rule 11 colloquy, during which he admitted his guilt for the offenses and the government provided a factual basis for the plea, bar this claim. See [D.E. 19] ¶ 3; [D.E. 40] 25–30; see also Tollett, 411 U.S. at 267; Lemaster, 403 F.3d at 221–22; United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Alternatively, because Scott did not seek to assert his claim of actual innocence on direct appeal, he is procedurally barred from doing so now. See Bousley v. United States, 523 U.S. 614, 621 (1998); Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); see also Scantlebury v. United States, Nos. 5:09-CR-254-D, 5:10-CV-590-D, 2012 WL 5364004, at *4 (E.D.N.C. Oct. 30, 2012) (unpublished). Moreover, Scott has not plausibly alleged "that a miscarriage of justice [will] result from the refusal of the court to entertain the collateral attack." Mikalajunas, 186 F.3d at 493.

Scott's claim of ineffective assistance of counsel also appears to fall within the ambit of the appellate waiver. Scott claims that counsel should have filed a motion to suppress his statements to law enforcement because he made them without benefit of the Miranda warnings, see [D.E. 38] 2, or counsel should have sought a conditional plea agreement to preserve the suppression issue. See

4

[D.E. 31] 4. However, in his plea agreement, Scott may only claim "grounds of ineffective assistance of counsel . . . not known to the Defendant at the time of the Defendant's guilty plea." [D.E. 19] ¶ 2(c) (emphasis added). When Scott entered his guilty plea, Scott knew whether he received the Miranda warnings and whether counsel had filed a motion to suppress or sought a conditional appellate waiver. Yet, Scott knowingly and voluntarily agreed to plead guilty without counsel having raised or preserved the suppression issue. Thus, Scott's ineffective assistance of counsel claim falls within the scope of his appellate waiver.

To the extent that Scott raises an issue of ineffective assistance of counsel not covered by the appellate waiver, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S.

5

at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. Id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Scott has failed to plausibly allege a claim for ineffective assistance of counsel. Given the evidence and possible charges against Scott, counsel's advice to plead guilty was reasonable. See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); United States v. Dixon, 105 F. App'x 450, 452 (4th Cir. 2004) (per curiam) (unpublished). In contrast to Scott's wholly conclusory claim that his self-incriminating statements should have been suppressed, the government's factual basis during the Rule 11 colloquy indicated that Scott "waived his Miranda rights orally and in writing" and then made the self-incriminating statements. [D.E. 40] 28. Counsel is not required to file meritless motions to suppress. See, e.g., United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). Thus, Scott has failed to plausibly allege that counsel's performance was unreasonable. See Strickland, 466 U.S. at 687. Scott also has failed to plausibly allege that counsel's performance prejudiced him. Scott cannot show that the government would have acceded to a demand for a conditional plea agreement. See, e.g., United States v. Bell, 966 F.2d 914, 916 (5th Cir. 1992). Moreover, Scott's suggestion that he would not have pleaded guilty without a conditional plea agreement contradicts the knowing and voluntary waiver of his appellate rights during the Rule 11 colloquy. Thus, Scott's ineffective assistance of counsel claim fails. See Strickland, 466 U.S. at 687.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Scott's

claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 35], and DISMISSES Scott's motion to vacate, set aside, or correct his sentence [D.E. 31]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This **22** day of August 2013.

JAMES C. DEVER III
Chief United States District Judge